UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAM CHRISTIANSON, *et al*.,<br><br>        Defendants. | Case No. 1:18-cv-00058-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

    Plaintiff Gerald Stewart, is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 3, 2018, the court entered a screening order under 28 U.S.C. § 1915A dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted. ECF No. 16. Plaintiff was granted leave to file a first amended complaint within 30 days of the screening order. *See id*. at 6. More than 30 days have now passed, and plaintiff has not filed a first amended complaint or responded to the court's screening order. Therefore, the court will recommend dismissal for failure to state a claim.

    Because plaintiff did not comply with a court-ordered deadline, we may also dismiss the case for failure to comply with a court order and failure to prosecute. *See Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1065 (9th Cir. 2004) (when a plaintiff is given an opportunity to amend and does nothing, a case "is properly met with the sanction of a Rule 41(b) dismissal.").

1

1 | "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with
2 | a court order, the Court must weigh the following factors: (1) the public=s interest in expeditious
3 | resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
4 | defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy
5 | favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
6 | 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

After weighing the factors, we conclude that dismissal is appropriate. "'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). As to the court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 F.3d at 639. As described above, plaintiff was granted leave to amend within 30 days of the court's screening and provided with legal standards that could assist with the amendment. ECF No. 16. Plaintiff failed to file an amended complaint. The non-compliance is delaying this case and interfering with docket management. Therefore, the first two factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses= memories will fade and evidence will become stale," *id.* at 643, and as described above, it is plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the court is stopping short of

2

using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

Accordingly:

1. The clerk of the court is directed to randomly assign a district judge to this case;
2. It is recommended that:
   a. this case be dismissed for failure to state a claim, failure to prosecute, and failure to comply with court orders; and
   b. the clerk be directed to close this case.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 23, 2018

UNITED STATES MAGISTRATE JUDGE